United States District Court
District of Massachusetts

FILED
IN CLERK'S OFFICE
2015 NOV 5 AM 11 37
U.S. DIS...
DISTRICT OF...

United States of America

v.

Jean Exume

CR No. 1:12-cr-10134-1NMG

Defendant's Affidavit in Support of Motion to Reduce Sentence

Now comes the defendant, Jean Exume, and after being duly sworn, deposes and states as follows:

My name is Jean Exume. I am 34 years of age and presently serving a 70 month sentence imposed by the Court on February 26, 2014. The Court imposed a sentence of 46 months on the wire fraud conviction and a consecutive 24 month sentence on an indictment charging aggravated identity theft.

The case was tried by a jury from July 30 until August 6, 2013. The jury found me guilty on all counts. An appeal followed after hearing my conviction and sentence were affirmed.[1]

I have one child, age 6 and, although presently incarcerated at the Federal Medical Center at Devens, MA, I have a residence in Dorchester where I live with my son and wife. My mother and father own the home at 21 Mercier Avenue, Dorchester. They live in the second floor while the first floor is rented to a tenant.

At the time of the instant offense, I worked as an auto mechanic for two different employers. I never had any criminal history.

The prosecutor relied, unreasonably, on Bank of America spreadsheets to establish the loss suffered by the bank. The jury did not make the final determination with respect to the total loss. Indeed,

Bank of America reimbursed all account holders for any loss they suffered.

In the present case, the Sentencing Court, in the absence of an evidentiary hearing, simply adopted the loss figures submitted by Bank of America and again adopted by the probation department in the pre-sentence report. The figure amounted to $509,284.01, a sum dramatically higher than that found by the jury. In its verdict, the jury made a determination that the amount of loss was $148,392.40, an amount $360,000 less than the probation department and the Sentencing Court - all in the absence of an evidentiary hearing and certainly not by a prepondence of the evidence.

Presently, effective November 1, 2015, the amendment to the Sentencing Guidelines relative to Theft and, Fraud (USSG section 2B1.1) changes to take into account the Consumer Price Index over a period of nine years. The amendment adjusts the amount referred to as a Specific Offense Characteristic using a specific multiplier.

In my case, the Court clearly has the legal ability to modify and reduce my sentence consistent with the mandate of Title 18 USC section 3582(c)(2). The change in the guidelines justify a revisitation to my sentence and a reduction.

---

1. Initially, the defendant's mother retained private counsel to represent him while he was detained at the Federal Detention Center in Central Falls, Rhode Island. That lawyer, literally stole $10,000 from me. He received the funds from the defendant's girlfriend and, incredibly, never once showed up at Court for an initial appearance, bail hearing, arraignment, or the jury trial itself. He did "visit" the defendant twice at Wyatt and simply told me the Federal Court does not give bail. He abandoned me.
    The Court should take this factor into consideration as somewhat mitigating because it influenced my choices in this case. The matter is pending before the Massachusetts Office

2

of Bar Counsel. The lawyer's name is Harold Hakala from Boston. He is guilty of essentially stealing my family's money.

Jean Exume, Reg No. 94262-038   , Pro Se
Federal Medical Center- Devens, MA
PO Box 879
Ayer, MA 01432